### J. D. GALLAGHER *v.* JACOB MEEK ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—424.]

**Power of Town of Catlettsburg to Grant Liquor License.**

> On March 8, 1871, the General Assembly repealed so much of the charter of the town of Catlettsburg as vested in its trustees the right to license the sale of liquors, but on March 29, 1882, the Legislature gave the trustees of said town the power to tax the sale of liquors, and required that when such tax was paid the payor should execute a bond in the sum of $2,000 conditioned that he would keep an orderly house and comply with the laws. This in effect gave the trustees the power taken from them by the former act, and since the latter act did not provide for the issuance of a license, it is held that paying the tax and giving the bond constitutes a license.

APPEAL FROM BOYD CIRCUIT COURT.

November 10, 1883.

OPINION BY JUDGE PRYOR:

The only question involved in this case is as to the power of the trustees of the town of Catlettsburg to grant a license for the retail of spirituous and malt liquors in that town. Meek had created an account for liquor with appellant and refused to pay it, on the sole ground that his vendors had no right to sell it without license, and as he was violating a penal statute by selling no recovery could be had. It seems to us that the trustees of the town had the power to grant the license. Prior to the 8th of March, 1871, this right was vested in the trustees by a provision of the charter of the town (I Acts 1867-8, ch. 268, § 21), and on the 8th of March, 1871 (I Acts 1871, ch. 1433), the legislature passed an act repealing so much of the charter as vested this power in the trustees, the act

providing in express terms "That no license shall hereafter be granted by the trustees."

On the 11th of February, 1882, the question of granting license to sell by retail in Catlettsburg and within two miles of the town was submitted to the popular vote. I Acts 1881, ch. 184. The question was, License or no license? The majority favored the license, and on the 29th of March, 1882 (I Acts 1881, ch. 639), during the same session, the charter of the town was amended by providing "That the board of trustees of the town of Catlettsburg be, and they are hereby, authorized to tax the sale of malt liquors by the small in the town of Catlettsburg a sum not exceeding $150 annually, and for the sale by the small of spirituous, vinous, and malt liquors a tax of $300 annually." The second section provides "That all persons, before selling either spirituous, vinous, or malt liquors in the town of Catlettsburg, shall execute, with solvent sureties, a bond before the board of trustees of said town to the commonwealth of Kentucky in the sum of two thousand dollars ($2,000), conditioned that said person so engaged * * * will keep an orderly house, and in all respects comply with the general laws of this commonwealth regulating the sale of * * * liquors, and will comply with such ordinances of said town as may now exist or may hereafter be adopted by the board of trustees." This is all the law on the subject. The appellant here complied with the law by executing his bond, paid his tax to the trustees and sold spirituous or malt liquors.

The payment of the tax and the execution of the bond was the license to sell. Nothing else was required. The power to grant the license, if not restored by the popular vote, was certainly restored by the amendment to the charter passed on the 29th of March, 1882. No form of license was required, the payment of the tax of $300 and the execution of the bond to the commonwealth approved by the board was the license to sell spirituous liquors by the small, and the payment of a similar sum for the privilege of selling malt liquors by the small. Under the Act of February 11, 1882, authorizing the vote, the board of trustees were required to enter an order fixing the day for the election and appoint two of the citizens judges of the election, and the marshal of the town was required to attend at the election. No provision was made for the issuing of a license in this act by the county judge or the trustees, but the amendment of March 29 was intended to confer the right, as the imposition of the

tax and the execution of the bond was intended to be the authority to the parties to sell.

The penalty for violating the law in certain instances was to be fixed by the board, and to be recovered by indictment or by warrant before the police judge. The payment of the tax and the execution of the bond were conditions precedent to the right to sell, and when complied with were a license to sell, and the acts under which this power to tax was granted the trustees, and the power given them to control and regulate the sale of liquor within their town, was in effect a repeal of the Act of the 8th of March, 1871. This construction necessarily follows, or the legislature was inducing these parties to pay the tax of $300 in order to violate the laws of the state.

It may be against the wishes of the people of the town to permit the sale of spirituous liquors, but the question has been submitted to its voters, and they may have favored it, and when this is done the legislature has placed the power to control and regulate the sale in the hands of the trustees elected by the people. The law having been complied with the plaintiff was entitled to recover.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*R. C. Burns, for appellant.*

*H. L. Boggs, for appellees.*